IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE LEON GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-05-1290-L |
| ) | |
| JOHN WHETSEL, Sheriff, and ) | |
| THE OKLAHOMA COURT OF ) | |
| CRIMINAL APPEALS, ) | |
| ) | |
| Respondents. ) | |

### REPORT AND RECOMMENDATION

In this habeas action, Mr. Rickke Green named a county sheriff and a state appellate court as respondents. With a state court named as a respondent, the Court ordered the state attorney general to respond to the habeas petition. Instead, an assistant district attorney responded for both the county official and the state court, and an assistant attorney general entered an appearance but did not file a pleading of his own. This series of events has led the Petitioner to request a writ of habeas corpus on grounds that the assistant district attorney's involvement in the case is unlawful.[1] In the alternative, Mr. Green requests

---

[1] Application for Order Issuing Writ of Habeas Corpus or in the Alternative for Leave to Present Matter to Tenth Circuit ("Misconduct of District Attorney - Attorney General"), *passim* (Dec. 12, 2005) (Doc. 17).

permission to pursue the argument in the Tenth Circuit Court of Appeals.[2] The Court should deny both of Mr. Green's requests.

The assistant district attorney's involvement in the case is not unlawful. As stated above, the sheriff is a named respondent and is a county official. Under Oklahoma law, the district attorney and his assistants are obligated to defend county officers who are sued in federal court unless the legal representation is delegated to a private attorney.[3] Accordingly, the assistant district attorney has legal authorization to represent the sheriff.

The Petitioner also named a state appellate court as a respondent. Ordinarily, the state attorney general would bear the duty to represent this court.[4] But when a state court is sued in federal court, the attorney general can "require the aid and assistance of district attorneys in their respective counties."[5] Thus, the state attorney general was free to delegate the duty to respond to the district attorney.[6]

---

[2] Application for Order Issuing Writ of Habeas Corpus or in the Alternative for Leave to Present Matter to Tenth Circuit ("Misconduct of District Attorney - Attorney General") at pp. 1, 8 (Dec. 12, 2005) (Doc. 17).

[3] Okla. Stat. tit. 19, §215.4 (2001); *see also* Office of the Attorney General, State of Oklahoma, Opinion No. 79-98 (May 15, 1979) ("Both the District Attorney and the Sheriff of every county are to perform their duties which in turn will assist the other in the completion of his duties.").

[4] Okla. Stat. tit. 74 § 18b(A)(2) (2001).

[5] Okla. Stat. tit. 74 § 18d (2001).

[6] The issue arises only because the Petitioner included the Oklahoma Court of Criminal Appeals as a respondent. This entity is not a proper party in habeas proceedings. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (holding that the Oklahoma Court of Criminal Appeals is not a proper party to a habeas action).

Mr. Green also requests leave to present the matter to the Tenth Circuit Court of Appeals. The nature of the request is unclear, as the Petitioner has not stated the context in which he wants to raise the issue with the appeals court. Presumably the Petitioner is wanting this Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). Certification would be inappropriate. The conditions of Section 1292(b) are not met based on the absence of "substantial ground for difference of opinion" on the assistant district attorney's right to represent both respondents in this habeas proceeding.[7]

Accordingly, the Court should deny Mr. Green's requests for: (1) issuance of a writ of habeas corpus based on the assistant district attorney's involvement, and (2) leave to pursue the issue in the Tenth Circuit Court of Appeals (Doc. 17).

Mr. Green has the right to object to this report and recommendation. To do so, Mr. Green must file an objection with the Clerk of this Court.[8] The deadline for objections is January 5, 2006.[9] Failure to file timely objections would foreclose appellate review of the suggested rulings.[10]

The referral is not terminated.

---

[7]   28 U.S.C. § 1292(b) (2000).

[8]   *See* 28 U.S.C. § 636(b)(1) (2000).

[9]   *See* W.D. Okla. LCvR 72.1(a).

[10]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 16th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge