IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE LEON GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-05-1290-L |
| ) | |
| JOHN WHETSEL, Sheriff, and ) | |
| THE OKLAHOMA COURT OF ) | |
| CRIMINAL APPEALS, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Mr. Rickke Green was convicted and sentenced after a jury trial in state court. Disenchanted with the state courts, Mr. Green seeks a writ of habeas corpus.[1] The Respondent moves for dismissal and the Court should grant the motion, as Mr. Green has an unexhausted remedy available in the form of a writ of mandamus.

The federal district court can take judicial notice of another habeas petition filed by Mr. Green,[2] which acknowledges entry of a judgment of conviction prior to the filing of the

---

[1] Two days before Mr. Green initiated the present action, he had filed another habeas petition addressing the same conviction. Petition for a Writ of Habeas Corpus, *Green v. Whetsel*, Case No. CIV-05-1276-L (W.D. Okla. Nov. 2, 2005). In that action, Judge Argo has recommended dismissal without prejudice. Report and Recommendation, *Green v. Whetsel*, Case No. CIV-05-1276-L (W.D. Okla. Nov. 30, 2005).

[2] *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

present action.³ Thus, Mr. Green is in custody pursuant to a state court judgment, triggering 28 U.S.C. § 2254.

Under 28 U.S.C. § 2254(b)(1), Mr. Green must exhaust state court remedies. According to Mr. Green, exhaustion is unnecessary when the habeas claim involves jurisdiction. In making this argument, Mr. Green appears to confuse two different concepts. One is that a federal court must *sua sponte* assure itself of its own subject-matter jurisdiction.⁴ But this concept does not require a federal court to reexamine a state court's jurisdiction. The second, unique concept is that a federal court can only grant relief if a petitioner has exhausted available state court remedies.⁵ The latter concept forecloses relief even if the court lacked jurisdiction to decide the validity of Mr. Green's conviction or sentence.⁶ Thus, Mr. Green's challenge to the state proceedings is reviewable in a habeas action only after he has exhausted judicial remedies that are available in state court. Even when one habeas claim is exhausted, dismissal is necessary if another claim is unexhausted.⁷

---

³   Petition for a Writ of Habeas Corpus at p. 2, *Green v. Whetsel*, Case No. CIV-05-1276-L (W.D. Okla. Nov. 2, 2005) (noting that judgment in Case No. CF-04-2588 had been imposed in Oklahoma County District Court on September 2, 2005).

⁴   *See State of Utah v. Babbitt*, 137 F.3d 1193, 1203 n.12 (10th Cir. 1998).

⁵   *See supra* p. 2.

⁶   In *Cotner v. Cody*, 133 F.3d 932, 1998 WL 4336 (10th Cir. Jan. 8, 1998) (unpublished op.), a habeas petitioner sought federal habeas relief based in part on a lack of subject-matter jurisdiction in state court. *See Cotner v. Cody*, 1998 WL 4336, Westlaw op. at 1. Because the petitioner had not exhausted state court remedies, however, the Tenth Circuit Court of Appeals upheld dismissal of the habeas claim. *Id.*, 1998 WL 4336, Westlaw op. at 2.

⁷   *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

The threshold task involves definition of the Petitioner's habeas claim. As "Ground One" of the petition, Mr. Green states:

> Respondent Oklahoma Court of Criminal Appeals has no lawful appellate jurisdiction over appellate cause F-05-873 since Petitioner was denied and/or not provided a formal sentencing hearing and Respondent court's exercise of its jurisdiction over said appellate cause F-05-873 constitutes a direct violation of rights guaranteed to Petitioner under the 5th and 14th Amendments to the United States Constitution . . .[8]

Because Mr. Green is appearing *pro se*, the Court must liberally construe this language.[9]

In the petition, Mr. Green challenges the jurisdiction that he had invoked when he filed a notice of appeal.[10] The appellate court's jurisdiction is not an issue cognizable on habeas review.[11] Thus, if the jurisdictional issue were the sole ground for habeas relief, the Court would be constrained to deny relief regardless of whether Mr. Green had exhausted state judicial remedies.[12]

---

[8]   Petition for a Writ of Habeas Corpus at p. 4 (Nov. 4, 2005).

[9]   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

[10]   Mr. Green filed a notice of intent to appeal between the verdict and the sentencing. Notice of Intent to Appeal, *State v. Green*, Case No. CF-04-2588 (Okla. Co. Dist. Ct. Sept. 6, 2005).

[11]   A similar issue arose in *Anderson v. Champion*, 117 F.3d 1428, 1997 WL 383187 (10th Cir. July 11, 1997) (unpublished op.). There a prisoner challenged the jurisdiction of the Oklahoma Court of Criminal Appeals to modify a sentence. *See Anderson v. Champion*, 1997 WL 383187, Westlaw op. at 2. The Tenth Circuit Court of Appeals rejected the claim, explaining: "Notably, however, [the habeas petitioner] does not allege his federal constitutional rights were violated by this alleged violation of state procedural rules. Thus, the issue is not cognizable under § 2254." *Id*. (citations omitted).

[12]   The Court need not determine whether Mr. Green has a remedy in state court to address the perceived lack of jurisdiction in state court. If the state appellate court insisted on exercising its appellate jurisdiction over Mr. Green's objection, the availability of a state judicial remedy might reasonably be questioned. *See Harris v. Champion*, 938 F.2d 1062, 1068-69 (10th Cir. 1991) ("It

But the basis for Mr. Green's jurisdictional challenge suggests a second ground for habeas relief: the lack of a proper sentencing hearing in state district court.[13] For that claim, Mr. Green can pursue a writ of mandamus.[14]

When the habeas action began, Mr. Green had an appeal pending in the state's highest court. He now asserts that the state appellate court lacks jurisdiction over his appeal. According to Mr. Green, he never had a proper sentencing hearing and he believes that one is necessary for appellate jurisdiction. But if Mr. Green were correct, he could request a writ of mandamus[15] to compel the state district court to provide a proper sentencing hearing.[16] Habeas proceedings are premature until the Petitioner has exhausted mandamus relief.[17]

---

would make no sense to require a petitioner to exhaust the very procedures [on direct appeal in state court] that he claims are being unconstitutionally protracted before he can raise that issue in the federal court."). But here Mr. Green is questioning the jurisdiction over a pending appeal, and he arguably could obtain relief in the state court through a motion to voluntarily dismiss his appeal. *See Edmondson v. State*, 379 P.2d 866, 866 (Okla. Crim. App. 1963) ("The appellant has the right to dismiss his appeal when this can be done without prejudice to the rights of the State and the administration of justice." (Syllabus by the Court)). The federal district court need not decide that issue. As discussed in the text, Mr. Green has two habeas claims and at least one of them is clearly unexhausted. *See infra* p. 4. Even if Mr. Green had no judicial remedy available in state court for one of the two habeas claims, dismissal would be necessary based on the presence of a mixed petition. *See supra* p. 2.

[13] *See supra* p. 3.

[14] *See infra* p. 4 & note 15.

[15] Mr. Green requested mandamus, but apparently only to stay the proceedings. *See* Order Declining Jurisdiction, *Green v. Black*, Case No. MA-2005-828 (Okla. Crim. App. Sept. 12, 2005).

[16] *See* Rule 10.1(A), Rules of the Oklahoma Court of Criminal Appeals.

[17] *See Stewart v. Hill*, 8 Fed. Appx. 894, 896 (10th Cir. Apr. 4, 2001) (unpublished op.) (holding that a habeas petitioner had failed to exhaust a state judicial remedy in the form of a writ of mandamus).

Mr. Green has not exhausted state judicial remedies involving a writ of mandamus. Under federal law, exhaustion of this remedy is necessary before the federal district court can entertain the habeas claims. Accordingly, the Court should grant the Respondent's motion and dismiss the action without prejudice to refiling.[18]

Mr. Green has the right to object to this report and recommendation. To do so, Mr. Green must file an objection with the Clerk of this Court.[19] The deadline for objections is January 30, 2006.[20] Failure to file timely objections would foreclose appellate review of the suggested ruling.[21]

The referral is terminated.

Entered this 9th day of January, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[18] Even after exhaustion, Mr. Green could not obtain habeas relief based on the absence of state court jurisdiction. *See supra* p. 3. Nonetheless, the presence of a second unexhausted claim precludes denial of the habeas claim involving the absence of state court jurisdiction. *See Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002) (disallowing a "hybrid disposition, dismissing one claim on the merits pursuant to § 2254(b)(2), and the other without prejudice under *Rose* [*v. Lundy*]").

[19] *See* 28 U.S.C. § 636(b)(1) (2000).

[20] *See* W.D. Okla. LCvR 72.1(a).

[21] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").